IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHEA SPENCER, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Case No. 2:22-CV-00033-RSP |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM ORDER

Before the Court is the Motion for Partial Summary Judgment filed by Plaintiff Shea Spencer. **Dkt. No. 158**. Defendant State Farm Lloyds opposed the Motion with a response. Dkt. No. 165. For the reasons discussed herein, the Motion is **GRANTED-IN-PART**.

## I.      BACKGROUND

Spencer previously filed a Motion for Summary Judgment which in part sought findings that a dispute of material fact was not present for the questions of "accidental" and "intentional" loss within the meaning of the insurance policy. *See* Dkt. No. 118. A hearing was held on the matter and the motion was denied. *See* Dkt. No. 152; Dkt. No. 154.

Relevant to this Motion are certain contract provisions for the dwelling and personal property within the insurance policy between the Plaintiff and Defendant which states:

> ***We*** will pay for accidental direct physical loss to the property . . . unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED . . . Accidental means happening by chance, unexpectedly, and/or unintended from ***your*** standpoint. . . .

> **1.  Fire or lightning.**

> ***

> h. **Intentional Losses.** If any ***insured*** intentionally causes or procures a loss to property covered under this policy, ***we*** will not pay any ***insured*** for this loss.

1

Dkt. No. 158 at 40 (emphasis in original).

## II.    LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

The Texas Insurance Code states:

> In a suit to recover under an insurance or health maintenance organization contract, the insurer or health maintenance organization has the burden of proof as to any avoidance or affirmative defense that the Texas Rules of Civil Procedure require to be affirmatively pleaded. Language of exclusion in the contract or an exception to coverage claimed by the insurer or health maintenance organization constitutes an avoidance or an affirmative defense.

Tex. Ins. Code § 554.002. The Texas Supreme Court has held that "the insured has the burden of establishing coverage under the terms of the policy . . . the insurer then has the burden to plead

and prove that the loss falls within an exclusion to the policy's coverage." *Seger v. Yorkshire Insurance Co., Ltd.*, 503 S.W.3d 388, 400 (Tex. 2016).

## III.   ANALYSIS

Plaintiff is requesting the Court clarify the respective burdens of proof with regards to the provisions in the insurance policy and hold that language within the policy is contradictory to the Texas Insurance Code. Dkt. No. 158 at 1–3. Particularly, Spencer asserts that the "accidental" loss provision includes language that improperly shifts the burden of disproving intentional loss to the plaintiff. Dkt. No. 158 at 7–8.

First, the Court finds that the law is clear on the burdens of proof. The insurance code provides that exceptions and carve-outs for policies are for the insurer to prove. Further, the Texas Supreme Court has held that the burden for showing coverage under the policy is placed on the insured. Accordingly, Plaintiff bears the burden to prove "accidental loss" while Defendant bears the burden to prove that the loss instead falls under the exception of "intentional loss" outlined in the policy. What remains is to what extent Plaintiff must disprove involvement in the setting of the fire in order to prove coverage under "accidental loss."

*Kostelec v. State Farm Fire and Cas. Co.,* 64 F.3d 1220 (8th Cir. 1995), is instructive on this point. While not controlling, the dispute in *Kostelec* bears a striking resemblance to the motion currently before the Court.  In *Kostelec*, the defendant asserted a similar position that "because the policy covered only 'accidental losses.' [plaintiff] was required to prove that his loss was accidental, *i.e.*, that the fire was not intentionally set." *Id*. at 1225. The Eighth Circuit held that "an implicit premise . . . is that an insured need only prove that his property was destroyed or damaged by fire to state a *prima facie* case for coverage. . . . and the insured is not required to disprove any

3

claim of arson to establish that he suffered a compensable loss."[1] *Id.* Further, the Eighth Circuit held that the implied premise was in fact explicit due to the policy's recitation of fire as a covered accidental loss. *Id.* at 1226. Here, like *Kostelec*, the insurance policy lists "fire" as a category of covered accidental loss. *See* Dkt. No. 158 at 40. Accordingly, the Court holds that to satisfy the burden of proof of coverage laid on the Plaintiff, she need only "prove a loss caused by fire to state a *prima facie* claim for coverage." *Kostelec*, 64 F.3d at 1226; *cf. State Farm Lloyds, Inc. v. Polasek*, 847 S.W.2d 279 (Tex. App.—San Antonio 1992) (Proof of coverage assumed in reviewing the arson defense, despite agreement by the parties the fire had an incendiary origin); *State Farm Fire and Cas. Ins. Co. v. Vandiver*, 970 S.W.2d 731 (Tex. App.—Waco 1998) (same).

Second, the Court does not find that the language of the contract contravenes the Insurance Code. That the policy defines "accidental" as "happening by chance, unexpectedly, and/or unintended from [the insured's] standpoint" does not shift the burden of applicability of the intentional loss provision to the Plaintiff. Nor does it inject a requirement to disprove the exclusion in arguing coverage. While factual issues will overlap, what remains is that Plaintiff can assert from her standpoint that the loss was "accidental" while Defendant can assert that the loss falls under the "intentional" carve out. Accordingly, the Court does not find that the policy language is in contradiction of the Insurance Code § 554.002 and by extension that the exclusion provision is invalid or unenforceable.

---

[1] While the Eighth Circuit was analyzing Missouri state law to arrive at this implicit premise, the framework for burden of proof in insurance cases is identical to Texas state law, namely that the initial burden of coverage falls to insured and the burden of exclusion falls on the insurer. *Compare Seger*, 503 S.W.3d at 400, *with McCreery v. Continental Ins. Co.*, 788 S.W.2d 307, 310 (Mo. Ct. App. 1990).

## IV.   CONCLUSION

Spencer's Motion for Partial Summary Judgment, Dkt. No. 158, is **GRANTED-IN-PART**

for the limited purpose of confirming the burdens of proof and otherwise **DENIED**.

   **SIGNED this 25th day of January, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE