IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHEA SPENCER, § | |
| § | |
| *Plaintiff*, § | |
| v. § | Case No. 2:22-CV-00033-RSP |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM ORDER

Before the Court is the Motion for Partial Summary Judgment on Bad Faith and Violations of Chapter 541 of the Texas Insurance Code filed by Defendant State Farm Lloyds. **Dkt. No. 160**. For the following reasons, the Motion is **DENIED**.

### I. BACKGROUND

State Farm has filed this Motion seeking partial judgment regarding "Plaintiff's causes of action premised on bad faith and violations of Chapter 541 of the Texas Insurance Code." Dkt. No. 160 at 10. In the operative Fourth Amended complaint, Plaintiff Shea Spencer has alleged several violations of the Texas Insurance Code: misrepresentation of insurance policy and several violations of unfair settlement practices under Tex. Ins. Code Chapter 541.061; 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), (a)(7). *See* Dkt. No. 108. Additionally, Plaintiff has alleged breach of the common law duty of good faith and fair dealing. Dkt. No. 108 at 78. Plaintiff's allegations relating to the common law duty generally relate to planting evidence, improper investigation practices, and unauthorized imaging of her personal cell phone. *See* Dkt. No. 108; Dkt. No. 166. Related is a civil conspiracy claim that State Farm and its investigators conspired "to create evidence that the fire at the Property was intentionally set and that Plaintiff had a motive and opportunity to set the fire at the Property as a pretext for denying Plaintiff's claim." Dkt. No. 108 at 94.

1

## II. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

## III. ANALYSIS

State Farm contends, and Plaintiff does not contest[1], that the "causes of actions under Texas Insurance Code Chapter 541 require the same predicate for recovery as the bad faith cause of action." Dkt. No. 160 at 11–12; *see* Dkt. No. 166. The Court first considers the predicate for recovery, namely, whether a genuine dispute of coverage was present such that Texas law would preclude the cause of action.

---

[1] However, Plaintiff asserts that damages that arise from the bad faith conduct, which are independent from the policy benefits, are recoverable even if a genuine dispute of coverage exists. Dkt. No. 166 at 4. Since the Court ultimately denies this Motion, the Court need not reach this argument.

Under Texas law, relating to a claim of breach of good faith and fair dealing by an insurance provider, "insurance carriers maintain the right to deny questionable claims without being subject to liability for an erroneous denial of that claim . . . As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997) (internal citations omitted). Texas courts have recognized that evidence of arson or intentional setting of a fire causing loss of property constitutes such a reasonable basis for denial. *State Farm Lloyds, Inc. v. Polasek*, 847 S.W.2d 279, 283 (Tex. App.—San Antonio 1992); *St. Paul Lloyd's Ins. Co. v. Fong Chun Huang*, 808 S.W.2d 524, 526 (Tex. App.—Houston 1991); *St. Paul Guardian Life Ins. Co. v. Luker*, 801 S.W.2d 614, 618 (Tex. App.—Texarkana 1990). However, "an insurer cannot insulate itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denial." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).

Here, Plaintiff has alleged such a pretextual basis, asserting that the investigation was used to fabricate a claim of intentional setting of the fire by the Plaintiff to deny coverage for the property loss. Plaintiff points to testimony from a State Farm corporate designee and circumstantial evidence surrounding State Farm's cause and origin expert, Mr. Whatley. State Farm contends that the evidence is speculative but identifies issues of strength of argument, credibility of factual testimony, and competing expert witness testimony. For purposes of determining summary judgment, any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

The Court finds that a genuine dispute of material fact is presented regarding whether the investigation was a pretextual effort to deny policy coverage. Both parties have identified competing circumstantial evidence regarding the origin of the fire, who if anyone set the fire, and the subsequent investigation. Both parties have provided experts who disagree as to the cause and origin of the fire. Accordingly, the motion is denied and the case must thus proceed to trial.

**SIGNED this 31st day of January, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE